STATE v. EARICH, Defendant.

Juvenile Court, Columbiana County.

No. 7498. Decided April 5, 1961.

TOBIN, J. This matter came on to be heard on the charge brought under Section 2151.23, Section B, Sub-section 3, Revised Code, to-wit: Failure to provide subsistence to any child to which he is legally responsible and a plea of not guilty.

The Court finds the following to be the facts: That the Defendant was unemployed and that he had applied for relief from the County Welfare Department and had obtained such

relief in the amount of $80.00 per month. That he was aware of the rule by the Welfare Department that all relief orders had to be worked out on such projects designated by the Relief Department as part of the pre-requisite for receiving relief, and that failure to so work out such slips at the rate of $1.00 per hour, would result in the refusal to give any further relief. The Court finds that the Defendant knew this by specific instructions at the time of receiving relief and also by virtue of having formerly been a recipient of relief orders. The Court finds that the Defendant received relief for January, February and March, 1961, for himself and his minor children; that he was excused from performing labors in January and February because of illness, but that by March 1, 1961, he had recovered from the illness.

The Court finds that on March 2, and March 18, he was ordered to report with other relief recipients to work on the streets in his home town of Salineville, Ohio; that although he was physically able to do so, he refused to do so, and did not appear; that as a result of this, all future relief orders were cancelled by the Welfare Department and this charge was brought.

Defendant contends he is not charegable with non-support inasmuch as he had obtained relief for his family.

### DECISION

The Court finds Defendant guilty as charged under Section 3113.01, Revised Code, "that no parent—shall fail to provide such child—with necessary or proper home, care, food and clothing."

This Court, under Section 2151.23, Section B, Sub-section 3, Revised Code, has original jurisdiction "on failure to provide subsistence for any child for which he is legally responsible," the children involved were his legal responsibility since they were born in wedlock. In this modern day and age, public subsistence or more commonly called relief, is one of the means an unemployed person has to help his family. It is a legal right given to him under certain circumstances and conditions, to-wit: that he have no means of his own to support his family and that he obey the rules laid down by various welfare agencies. Therefore, any parent who would fail to ask for relief permitting child to go without subsistence, would fail to use one

of the means at his or her disposal to give a child proper subsistence. Also, as in the present case, a parent chargeable with the support of a child, who would make such relief unavailable because of failure to work out relief slips and who would do so deliberately, has failed to use all the means and rights at his disposal to see that his children have proper subsistence. That is the instant case. While Defendant did apply for relief, thus using one of the means at his disposal, his deliberate refusal to work out the slips thus forfeiting his rights to any further relief, amounts to a failure to provide.

Defendant therefore is found guilty. Sentence is suspended upon Defendant immediately making himself available to the Welfare Department and work out the March slips amounting to $80.00 or a total of eighty relief hours. Failure to do so will result in imprisonment.